UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X

SAMUEL TEXIDOR,

                        Plaintiff,                        21-CV-2063 (FB) (VMS)

  -against-                                           **AMENDED COMPLAINT**

THE CITY OF NEW YORK, and POLICE            **JURY TRIAL DEMANDED**
OFFICERS TAENESHA JACKSON, MATTHEW
LAMBERT, and JOHN DOES ## 1-5,

                        Defendants.

----------------------------------------------------------------X

Plaintiff Samuel Texidor ("Plaintiff" or "Texidor"), as and for his First Amended Complaint against defendants City of New York, and Police Officers Taenesha Jackson, Matthew Lambert and John Does ## 1-5, alleges as follows upon information and belief:

      1.      This action seeks to vindicate plaintiff's constitutional and common law rights which were violated on or about April 14, 2020, when he was arrested on the false charge that he possessed illegal drugs with intent to sell (a Class B felony), among other false charges, and assaulted by police officers who caused him to sustain a broken arm.  The District Attorney dismissed the criminal charges within hours of plaintiff's arrest as there was no basis to charge him with a crime.  He subsequently received treatment at Brooklyn Hospital for the bone fracture and also underwent physical therapy.  He now seeks redress for these violations of his rights.

## PARTIES

      2.      Plaintiff Samuel Texidor is fifty-five (55) years of age and resides in the borough of Queens, City of New York.

      3.      Defendant City of New York (hereafter the "City") is a municipal corporation organized and existing under the laws of the State of New York.

4. Defendant Jackson is employed as a police officer by City of New York, and her regular place of business is located in Brooklyn, New York.

5. Defendant Lambert is employed as a police officer by the City of New York, and his regular place of business is located in Brooklyn, New York.

6. Defendants John Does ## 1-5 are employed as police officers by the City of New York, or by other law enforcement agencies of the City of New York, and participated directly in the violations of plaintiff's constitutional and common law rights as more fully set forth below.

## JURISDICTION AND VENUE

7. Jurisdiction in this Court is founded upon (i) 28 U.S.C. §§ 1331 and 1343, in that this lawsuit alleges claims based upon the Civil Rights Act of 1871, as amended, codified at 42 U.S.C. § 1983, and (ii) 28 U.S.C. § 1367, in that the Court has supplemental jurisdiction over the state law claims asserted herein.

8. Venue is proper in this district because a substantial portion of the events giving rise to this complaint occurred within this district.

## CONDITIONS PRECEDENT TO THIS ACTION

9. On or about June 19, 2020, plaintiff filed a Notice of Claim with the Comptroller of the City of New York, which was assigned Claim #2020-PI-014710.

10. On or about September 15, 2020, plaintiff appeared remotely (via ZOOM) for an examination pursuant to General Municipal Law Section 50-h, conducted by LEX Reporting Service, 160 Broadway, New York, New York.

11. More than thirty (30) days have elapsed since plaintiff served his notice of claim and the claim has not been settled or adjusted.

## FACTUAL ALLEGATIONS COMMON TO ALL CLAIMS

12. Plaintiff Samuel Texidor is a fifty-five year old man who lives in Queens County, State of New York.

13. On the date of his arrest, April 14, 2020, he was regularly taking prescription medications including Clonazepam.

14. On or about April 14, 2020, at approximately 8:30 a.m., plaintiff was walking on Washington Street, near the intersection of Fulton Street, in the borough of Brooklyn, New York.

15. He was stopped while walking by a passing police car, when a male officer inside the car asked him, in words or substance, "What did you pass to the lady?" referring to a woman standing across the street.

16. Plaintiff had not spoken or passed anything to the woman across the street, and replied that he did not know what the officer was talking about.

17. The officer then told him to stop walking and wait there.

18. Plaintiff complied with this instruction.

19. The male officer, who was either defendant Lambert or John Doe ##1-5, then demanded to see plaintiff's identification.

20. Plaintiff reached into the bag he was carrying in order to retrieve his identification.

21. In the process of doing so, one bottle of Clonazepam pills with plaintiff's name on the prescription bottle fell out of plaintiff's bag and rolled behind a nearby gate.

22. Plaintiff bent down and reached between the bars of the gate to pick up his prescription medication, and was tackled from behind by two male officers.

23. The two male officers were either defendant Lambert or one of John Does ##1-5.

24. During the assault by the defendant officers, plaintiff sustained a broken arm.

25. He was arrested and charged with four felonies: Criminal Possession of a Controlled Substance, 3rd degree (with intent to sell), a Class B felony; Criminal Possession of a Weapon, 3rd degree, a Class D felony; Criminal Possession of a Controlled Substance, 5th degree (with intent to sell), a Class D felony; and Tampering with Physical Evidence, a Class E felony.

26. Defendants Jackson, Lambert and/or John Does ##1-5 vouchered the bottle of Clonazepam with plaintiff's name on it as "arrest evidence" under Property Invoice #3001226141, which was assigned Storage #20K014127.

27. Because of the injury to plaintiff's arm, the police called for an ambulance but plaintiff declined to go to the hospital.

28. Instead, the arresting officers took him to the 88th precinct.

29. There, the pain in plaintiff's right arm grew worse and he requested medical attention.

30. The police took him to Brooklyn Hospital, where x-rays showed a fracture of the right ulna styloid.

31. Plaintiff's arm was placed in a cast and sling.

32. He was brought back to the precinct and subsequently transferred to Brooklyn Central Booking.

33. While plaintiff was inside a holding cell at Brooklyn Central Booking, awaiting arraignment, the Kings County District Attorney issued a "DP" which means the DA declined to prosecute the case, and plaintiff was released.

34. Plaintiff was in custody for a substantial portion of the day on April 14, 2020, due to the false criminal charges brought against him.

35. Following his release, plaintiff returned to Brooklyn Hospital for follow-up treatment for his injuries and also underwent physical therapy at Crescent Physical Therapy in Astoria, New York.

36. Due to the unlawful conduct of defendants described above, plaintiff has suffered damages in the form of pain and suffering, denial of liberty and medical expenses and costs for physical therapy.

### FIRST CAUSE OF ACTION (False Arrest – 42 U.S.C. § 1983)

37. Plaintiff repeats and realleges paragraphs 1-36 above, as though fully set forth herein.

38. Defendants Jackson, Lambert and Does ##1-5 confined plaintiff for at least six to eight hours on April 14, 2020.

39. Plaintiff was conscious of the confinement.

40. Plaintiff did not consent to the confinement.

41. Defendants' confinement of plaintiff was not privileged.

42. Plaintiff has sustained substantial damages because of defendants' unlawful conduct.

43. Plaintiff demands punitive damages against Jackson, Lambert and John Does ##1-5 personally, given their wanton, malicious, reckless conduct.

### SECOND CAUSE OF ACTION (False Arrest – State Law)

44. Plaintiff repeats and realleges paragraphs 1-43, above, as though fully set forth herein.

45. Defendants City of New York, Jackson, Lambert and Does ##1-5 confined plaintiff for at least six to eight hours on or about April 14, 2020.

46. Plaintiff was conscious of the confinement.

47. Plaintiff did not consent to the confinement.

48. Defendants' confinement of plaintiff was not privileged.

49. All individual defendants named herein were acting in their capacity as City employees, and within the scope of their employment, when they violated plaintiff's rights.

50. The City is liable for the acts of all individual defendants pursuant to the doctrine of respondeat superior.

51. Plaintiff has sustained substantial damages because of defendants' unlawful conduct.

52. Plaintiff demands punitive damages against Jackson, Lambert, and John Does ##1-5 personally, given their wanton, malicious, reckless conduct.

### THIRD CAUSE OF ACTION (Excessive Force – 42 U.S.C. § 1983)

53. Plaintiff repeats and realleges paragraphs 1-52, above, as though fully set forth herein.

54. Plaintiff did not resist arrest, nor did he attempt to evade arrest by flight.

55. Plaintiff did not pose a threat to the defendant officers at any time.

56. Plaintiff did not commit any crime prior to his arrest by the defendant officers.

57. Defendants Jackson, Lambert and Does ##1-5 used force to effect plaintiff's arrest that was objectively unreasonable, and totally unwarranted in the circumstances, resulting in a broken arm that caused plaintiff severe pain and suffering.

58. Plaintiff continues to suffer the effects of the defendant officers' use of excessive force, including limited use of his right arm.

59. Plaintiff has sustained substantial damages because of defendants' unlawful conduct.

60. Plaintiff demands punitive damages against Jackson, Lambert, and John Does ##1-5 personally, given their wanton, malicious, reckless conduct.

### FOURTH CAUSE OF ACTION (Assault and Battery – State Law)

61. Plaintiff repeats and realleges paragraphs 1-60, above, as though fully set forth herein.

62. By their conduct, defendants intentionally placed plaintiff Texidor in fear of imminent harmful or offensive contact.

63. Defendants also intentionally physically contacted plaintiff without his consent.

64. Defendants' conduct was not reasonable nor was it justified on any basis.

65. Defendants did not have probable cause to arrest plaintiff.

66. Defendants' conduct constitutes an assault and battery under State law.

67. All individual defendants named herein were acting in their capacity as City employees, and within the scope of their employment, when they violated plaintiff's rights.

68. The City is liable for the acts of all individual defendants pursuant to the doctrine of respondeat superior.

69. Plaintiff continues to suffer the effects of the defendants' assault and battery, including limited use of his right arm.

70. Plaintiff has sustained substantial damages because of defendants' unlawful conduct.

71. Plaintiff demands punitive damages against Jackson, Lambert and John Does ##1-5 personally, given their wanton, malicious, reckless conduct.

**FIFTH CAUSE OF ACTION (Failure to Intervene – State and Federal Law)**

72. Plaintiff repeats and realleges paragraphs 1-71, above, as though fully set forth herein.

73. Defendants Jackson, Lambert and/or Does ##1-5 failed to intervene to stop the unlawful conduct of the officers who arrested plaintiff without probable cause, used excessive force against plaintiff and assaulted him.

74. Defendants Jackson, Lambert and/or Does ##1-5 had numerous meaningful opportunities to intervene to prevent the unlawful conduct of the other officers.

75. Defendants were acting in their capacity as City employees, and within the scope of their employment, when they violated plaintiff's rights by failing to intervene.

76. The City is liable for the acts of the individual defendants, including defendants John Does ##1-5, pursuant to the doctrine of respondeat superior.

77. Plaintiff has sustained substantial damages because of defendants' unlawful conduct.

78. Plaintiff demands punitive damages against defendants Jackson, Lambert and Does ##1-5 personally, given their wanton, malicious, reckless conduct.

**SIXTH CAUSE OF ACTION (N.Y.C. Administrative Code)**

79. Plaintiff repeats and realleges paragraphs 1-78, above, as though fully set forth herein.

80. Plaintiff is a "person aggrieved" within the meaning of Section 8-801 of the New York City Administrative Code.

81. Defendants Jackson, Lambert and John Does ##1-5 are "covered persons" within the meaning of the same provision.

82. Defendant City is an "employer" of the covered persons named as defendants in this action, within the meaning of N.Y.C. Adm. Code § 8-803.

83. By their conduct described above, all defendants violated plaintiff's right of security against unreasonable seizures, guaranteed by N.Y.C. Adm. Code § 8-802.

84. Plaintiff has sustained substantial damages for which defendants are liable under N.Y.C. Adm. Code §§ 8-803 and 8-805.

85. Plaintiff demands punitive damages against defendants Jackson, Lambert and John Does ##1-5, as provided in N.Y.C. Adm. Code §§ 8-803 and 8-805.

WHEREFORE, plaintiff Samuel Texidor respectfully prays for judgment against the defendants as follows:

(a) Compensatory damages in an amount not less than $500,000;

(b) Punitive damages against the individual defendants personally, in an amount not less than $100,000 each;

(c) Attorney's fees in an amount to be determined, pursuant to 42 U.S.C. § 1988, and N.Y.C. Adm. Code § 8-805; and

(d) For such other and further relief as the Court deems just and proper.

Dated: New York, New York
       July 13, 2021

> HALE & MONICO LLC
> The Woolworth Building
> 233 Broadway, Suite 820
> New York, New York 10279
>
> By:      /s/
> Arthur G. Larkin, Esq.
> (646) 858-1180
> alarkin@halemonico.com

9